R. ROTH JUDD, Executive Director Ethics Board
On behalf of the Ethics Board you ask whether a state public official may purchase items and services from an organization which the organization is making available to the official because of the official's holding a state office. I conclude that a state public official may purchase items and services from an organization, other than a lobbying principal, if the opportunity to purchase the items or services is not itself something of substantial value.
Section 19.45 (2), Stats., prohibits a state public official from using his or her public position to obtain financial gain or anything of substantial value for his or her private benefit or the benefit of his or her immediate family or an organization with which he or she is associated. Section 19.45 (3m) states: "No state public official may accept or retain any transportation, lodging, meals, food or beverage, or reimbursement therefor, except in accordance with s. 19.56 (3)." Section 19.56 (3) provides specific exceptions to the law. For purposes of this discussion, I am assuming that none of the exceptions in section 19.56 (3) apply.
The first issue presented is whether section 19.45 (3m) prohibits a state public official from purchasing any food, drink, transportation or lodging that is made available to the official because of the official holding a public office. On its face, section 19.45 (3m) would prohibit a state public official from attending, for example, a meeting with lunch at a company's *Page 202 
executive dining room, a chamber of commerce dinner or a trade association golf outing even if the state public official paid the full cost of the lunch, dinner or golf outing. Under section19.56 (3)(a), however, a state public official may accept reimbursement of actual and reasonable expenses for participating in a meeting. Moreover, section 19.56 (3)(b) provides that an official may receive and retain anything of value if the activity or occasion for which it is given is unrelated to the official's public office. Indeed, under section 13.625 (7) a state public official may even accept reimbursement from a lobbying organization for attending a meeting. Interpreting section 19.45
(3m) as prohibiting a public official from paying fair market value for an item unless expressly permitted by section 19.56 (3) would lead to the anomalous conclusion that the Legislature was permitting a public official to accept reimbursement for certain expenses under section 19.56 (3) when a public official attended a meeting, but would not even allow a state public official to purchase the same items if the public official was simply meeting constituents over lunch but not engaging in a "meeting." I conclude that the statute must be interpreted as prohibiting the acceptance of the listed items only when those items are offered as gifts.
As you note, the ethics law, chapter 19, subchapter III, does not define the word "accept." The word is certainly broad enough to apply to both receiving items as gifts as well as to purchasing items. The lobby law, chapter 13, subchapter III, uses the same term but the concomitant prohibition in the lobby law is a prohibition against "furnishing," a term that includes both giving and selling.
The legislative history of section 19.45 (3m) indicates that the word "accept" was intended to apply only to receiving gifts. You state that the purpose of the sponsors of 1989 Wisconsin Act 338, which resulted in section 19.45 (3m), was to end the practice of legislators accepting food and drink at legislative receptions sponsored by organizations which had an interest in *Page 203 
matters before the Legislature. Certainly a blanket prohibition against accepting or paying for that hospitality would serve that legislative purpose. The more reasonable interpretation, however, is that the Legislature intended to stop the practice of public officials accepting free food and drink but did not intend to prohibit the state officials from attending these functions if the state public official paid for his or her own food and drink. Section 19.56 (1) encourages public officials to meet with groups to discuss matters before the Legislature. It would make no sense to encourage officials to attend those functions but prohibit them from purchasing refreshments at the functions.
This interpretation is consistent with the balance of the ethics law which, in contrast to the lobby law, focuses on prohibiting officials from using their public offices to obtain benefits, and achieves a reasonable construction of the statute which effectuates the statute's purpose. State ex rel.Melentowich v. Klink, 108 Wis.2d 374, 321 N.W.2d 272 (1982). Allowing a public official to purchase items is consistent with the statute's language and consistent with the public policy evidenced in the balance of the ethics code, especially the policy reflected in section 19.56 (3) which encourages public officials to attend meetings of organizations and allows those organizations to reimburse public officials for that attendance.
The question remains whether section 19.45 (2) prohibits an official from purchasing an item at full value if the item is not generally accessible to the public, when the access itself may have substantial value. For example, in an opinion issued March 29, 1989, EB 438, the Ethics Board recognized that an invitation to a private club or a private suite at a sports arena can itself have value beyond the cost of the meal or the price of entrance to the arena. The ethics code itself defines "anything of value" as including "favors" and "services." Sec. 19.42 (1), Stats. You state that the board has taken the position that if a facility is not generally available to the public then the cost of membership at, or the purchase or lease price of, the facility *Page 204 
must be viewed as part of the total value of attendance at the facility. I agree. I also agree that whether this value is substantial is a question of fact that must be resolved after looking at all the relevant evidence. The ethics code is violated if the access itself is something of substantial value that is if, e.g, the access to the private suite or the private club is itself something of substantial value over and above the cost of the ticket or the meal.
JED:AL *Page 205